IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF FLORIDA
TALLAHASSEE DIVISION

SIERRA CLUB,

    Plaintiff,

vs.                              CASE NO.: 4:05cv66-SPM/AK

COLLEEN CASTILLE, et al.,

    Defendants.

_____/

## MEDIATION AND SCHEDULING ORDER

Upon consideration of the Joint Report of the Parties' Planning Meeting and Proposed Scheduling and Discovery Order (doc. 21), it is ORDERED:

1. To the extent not in conflict with this order, the parties joint report will control the matters therein and all other matters shall be governed by the Initial Scheduling Order (doc. 12).

2. The discovery deadline is **November 1, 2005**.

3. Defendants shall have up to and including **December 16, 2005** to file a motion for summary judgment and Plaintiff shall have up to and including **January 24, 2006** to file a response and cross motion for summary judgment.

4. **Trial** is hereby set for the trial period commencing on Monday, **May 15, 2006.**

5. Unless excused by order of Court upon a showing of good cause, the

parties shall mediate this case in accordance with the following procedures:

(a) The parties are directed to select a mediator certified by the Supreme Court of Florida as a Circuit Court Mediator or a person otherwise mutually agreeable to the parties. If the parties are unable to agree upon a mediator by February 2, 2004, the plaintiff shall immediately file a notice so indicating, and I will appoint a mediator.

(b) Unless otherwise agreed, the fee of the mediator shall be paid equally by the parties. The fee shall be paid in the manner required by the mediator.

(c) The first mediation conference shall commence by **November 15, 2005** (but may commence at any earlier time). The mediator shall set the initial mediation conference with due regard to the schedules and other commitments of the parties and counsel and may continue or adjourn the mediation conference in his or her own discretion within the time constraints set out in this order.

(d) The following persons MUST attend the mediation conference:

(1) Counsel of record primarily responsible for the conduct of this matter on behalf of each party.

(2) All parties. In the case of a corporation, governmental entity, or other organization, or officer in his or her official capacity, the party must attend through a representative having full authority to settle the entire case for the party without further consultation. In his or her own discretion, however, the mediator may waive the requirement that the attending representative's full authority to settle be

"without further consultation." Unless the mediator directs otherwise, the parties by agreement also may waive the requirement that the attending representative's full authority to settle be "without further consultation."

   (3) If a party is insured, a representative of the insurer having full authority to settle without further consultation. In his or her discretion, however, the mediator may waive the requirement that the insurer's representative's full authority to settle be "without further consultation." Unless the mediator directs otherwise, the parties by agreement also may waive the requirement that the attending insurer's representative's full authority to settle be "without further consultation."

 (e) Failure of any person to attend the mediation conference as required shall result in the imposition of sanctions.

 (f) The parties shall confer in advance on the submission of written materials to the mediator and shall proceed in accordance with any agreement they reach or the instructions of the mediator. In the absence of agreement of the parties or instructions from the mediator, no written submissions to the mediator are required, but either party may submit materials as it deems appropriate, which the mediator may consider as he or she deems appropriate.

 (g) The mediator shall have authority to control the procedures to be followed in mediation, may adjourn the mediation conference and set times for reconvening, and may suspend or terminate the mediation whenever, in the opinion of the mediator, the matter is not appropriate for further mediation.

(h)     All discussions, representations, and statements made at the mediation conference shall be off the record and privileged as settlement negotiations. Mediation proceedings shall not be recorded by a court reporter or by electronic recording device, except as necessary to memorialize any settlement that may be reached.

(i)     This referral to mediation does not automatically toll the time for completion of any other matter in this case.

(j)     The parties are encouraged to settle as many issues during mediation as possible. Partial or complete settlements shall immediately be reduced to writing in the presence of the mediator and shall be signed by all parties and their counsel.

(k)     Mediation in this case must be completed on or before **November 30, 2005**. The mediator or parties shall file a report within 14 days thereafter indicating when mediation was conducted and the outcome of the mediation (that is, whether the matter was settled or impasse was declared). If the matter was settled in full, notice to the court shall be immediate and the parties shall file a stipulation for dismissal and provide a proposed order of dismissal to the Court within 5 working days.

(l)     Counsel for each party shall, within 10 days of the date of this order, consult with his or her client about the advantages (including savings of costs and attorney's fees) and disadvantages of proceeding with mediation immediately rather than awaiting the deadlines set in this order. On motion of any party, the court will

consider ordering that mediation commence immediately or at a time earlier than otherwise required by this order.  With or without such an order, the parties by agreement may commence mediation at any time before the deadlines set in this order.

      SO ORDERED this 29th day of July, 2005.


                                                 _s/ Stephan P. Mickle_
                                             United States District Judge